## DAVIES v. LINCOLN NAT. BANK.

(*Supreme Court, Special Term, New York County.* December 15, ˙888.)

WITNESS—EXAMINATION BEFORE TRIAL—PRIVILEGE—CORPORATIONS.

Under Code Civil Proc. N. Y. § 837, providing that a witness shall not be required to give an answer which shall tend to expose him to a penalty or forfeiture, the president of a bank cannot be examined before trial in an action to subject the bank to a penalty for the taking of usurious interest; the sole object of such examination being to obtain evidence as to the taking of usury.

˙Action by plaintiff, as receiver of the property of the firm of Grant & Ward, against the Lincoln National Bank, to recover a penalty for the alleged taking by the bank of usurious interest on loans made to the firm of Grant & Ward. An order was made for the examination before trial of Thomas L. James, the president of the bank, in relation to facts pertinent to the action, and requiring him to produce the books of the bank relating to transactions with the firm of Grant & Ward. The defendant moves to vacate such order.

*Hornblower & Byrne,* for plaintiff.  *E. K. Jones,* for defendant.

ANDREWS, J. I suppose the examination of Mr. James was ordered under subdivision 7 of section 872 of the Code, which provides that, "if the party sought to be examined is a corporation, the affidavit shall state the names of the officers or directors, or any of them, whose testimony is necessary or material," etc. The party sought to be examined in this case, and whose books are to be produced, is not Mr. James, but the bank, which is the defendant, and the sole object of the examination is to obtain evidence that the bank has taken usurious interest. The taking such usurious interest, if proved, will subject the bank to a penalty or forfeiture of the entire interest received. Rev. St. U. S. § 5198. It has been frequently decided that a defendant cannot be examined as a witness for his adversary when his evidence will subject him to a penalty or forfeiture. *Phœnix* v. *Dupuy,* 2 Abb. N. C. 146; *Manufacturing Co.* v. *Bridgman,* 14 Hun, 122; *Kinney* v. *Roberts,* 26 Hun, 166; *King* v. *Leighton,* 58 N. Y. 383; *Frazier* v. *Davids,* 1 How. Pr. (N. S.) 490; *Walker* v. *Dunlevey,* 4 Civil Proc. R. 38. The Code itself (section 837) provides that a witness shall not be required to give an answer which will tend to expose him to a penalty or forfeiture. Of course, a corporation can only be examined through its officers, directors, or agents, and the examination of Mr. James, who is required to produce the books of the bank, is, under said subdivision 7 of section 872 of the Code, an examination of the defendant bank itself; and, as the sole object of such examination is to obtain testimony which will subject the bank to a penalty or forfeiture, I do not think the examination can be had. The motion to vacate order granted, with $10 costs, to abide the event.