WALLACE v. SYRACUSE, B. & N. Y. R. CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

DISCOVERY—EXAMINATION BEFORE TRIAL.

    Where plaintiff was injured while a passenger on a train alleged to have been operated by defendant on its tracks, which were also used by another railroad company, it is a proper exercise of discretion to permit him to examine defendant's officers before trial, in order to ascertain whether the train was defendant's or under its control.

Appeal from special term.

Action by Alvin D. Wallace against the Syracuse, Binghamton & New York Railroad Company. From an order allowing plaintiff to examine officers of defendant before trial, the latter appealed. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. S. Jenney, for appellant.

Nathan L. Miller, for respondent.

LANDON, J. The action is to recover upon account of injuries which the plaintiff alleges he received while a passenger upon defendant's cars. The pleadings present the issue whether the plaintiff was a passenger upon defendant's train of cars, at the time of his alleged injuries. The Delaware, Lackawanna & Western Railroad Company also runs its trains over the defendant's tracks, and the plaintiff's affidavits show that he needs the testimony of the officers of the defendant to prove that the train he was upon was the defendant's. Thus, the examination sought is practically that of the corporation defendant. Davies v. Bank (Sup.) 4 N. Y. Supp. 373. It is probable that exact knowledge whether the train was the defendant's is confined to the officers of the companies. It is objected that these officers can be examined upon the trial. That objection sometimes has weight, but we do not think it is fatal in this case. The business of both corporations is affected by the public use, and we think it was a proper exercise of discretion for the special term, in the interest of a passenger who was in the enjoyment of his right to such use, to examine before trial the officers of the defendant, in order to enable him to prove, if such was the fact, that the train was either the defendant's, or under its control. Further than this, the examination is not necessary.

Order modified by granting examination as to the four particulars last specified in plaintiff's affidavit, and, as thus modified, affirmed, without costs. All concur.